HENRY M. KOLASKY, Respondent, *v.* WILHELMINA MICH-
ELS, Appellant.

*Court of Appeals, April* 15, 1890.

Affirming, 46 Hun, 677, Mem.

1. *Lease. Covenant for renewal.*—Where a lease contains a covenant on the
part of the lessor giving the lessee "the privilege and option of a
renewal of this lease at the expiration of the time hereby demised"
upon giving the lessor "notice to that effect previous to the expiration
of the lease," the death of the lessee does not render the covenant
invalid or inoperative, and his successor in interest is entitled to a
renewal of the original lease for another term.

2. *Evidence.*—In an action by an assignee of a deceased lessee to compel a
specific performance of a covenant to renew a lease, testimony by the
lessor of representations made by the lessee that the covenant was only
personal and would expire on his death, is inadmissible, as varying the
terms of a written instrument, and as relating to a personal transaction
with a deceased person.

Appeal from a judgment of the general term of the su-
preme court, affirming a judgment entered upon a decision
of the court.

*Thomas Bracken*, for appellant.

*Leon Lewin*, for respondent.

POTTER, J.—This action is to compel specific perfor-
mance of a contract to renew a lease. The lease containing
the covenant for renewal was executed by the defendant
to one Ernest Fiddeke, under seal, and bore date the 28th
of September, 1880. It provides for leasing the store floor,
basement and first floor to said Fiddeke, of a house No. 945
First Avenue New York, for five years from May 1st, suc-
ceeding the date of the lease.

The covenant is in these words : "And it is covenanted
that the party of the second part shall have the privilege

and option of a renewal of this lease at the expiration of the time hereby demised, upon giving the said party of the first part two months' notice to that effect previous to the expiration of this lease." It was also alleged and proved upon the trial that the lessee died and the lessee's rights and interest under the lease were duly transferred to plaintiff. Proof was given (though the answer I think admits it) that plaintiff gave notice to the defendant of the option to have a renewal lease, and paid defendant the rent in advance called for upon the renewal, and which was accepted by defendant, and that defendant nevertheless refused to execute the renewal lease.

The defendant upon the trial undertook to prove by his own testimony, among the matters set up in the answer, that it was represented to her by the lessee that the lease was merely personal and would terminate on the death of either of the parties to it, and that she was unable to read or properly understand the lease; that the lessee agreed to make valuable alterations in the building but did not and so injured the building, etc.

The appellant contends that the covenant in the lease was after the death of the lessee inoperative to compel a renewal of the lease. Objection was made to proof by defendant of various matters in the answer and the evidence was excluded and the defendant excepted and the exceptions are presented for consideration upon this appeal as well as the validity of the covenant for renewal.

It seems to me very clear that there was a valid and operative covenant for a renewal of the original lease for another term, and I perceive nothing in the case cited by appellant, Western Tr. Co. *v.* Lansing, 49 N. Y. 499, and the cases there cited, to the contrary. Nor can I perceive any error in the ruling of the learned trial judge in excluding the evidence sought to be introduced from the defendant. Some of such evidence was to vary the terms of a written lease by parol, and *all* of it was to proceed from the defend-

ant and had relation to personal communications and transactions between her and Ernest Fiddeke, deceased, the original lessee from whom the plaintiff derived his title and rights in respect to a renewal lease, and was therefore incompetent.

Judgment should be affirmed, with costs.

All concur.